UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

JESSE HOFFMAN, III, a/k/a Arab,
　　　　　*Defendant-Appellant.*

No. 03-4016

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-01-15)

Submitted: January 9, 2004

Decided: January 23, 2004

Before WILKINSON and DUNCAN, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Brian Gay, GAY, CIPRIANO & ARRINGTON, P.C., Virginia
Beach, Virginia, for Appellant. John L. Brownlee, United States
Attorney, Nancy S. Healey, Assistant United States Attorney, Char-
lottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Jesse Hoffman, III, pled guilty to conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846 (2000), and using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000). The district court sentenced Hoffman to a total imprisonment term of 384 months and a five-year term of supervised release. Hoffman contends on appeal that the district court erred in failing to compel the Government to move for a substantial assistance departure, pursuant to *U.S. Sentencing Guidelines Manual* § 5K1.1, p.s. (2002). Finding no reversible error, we affirm.

A sentencing court may determine whether the government has "bargained away its § 5K1.1 discretion," and if so, determine whether the defendant has rendered substantial assistance under the plea agreement. *United States v. Snow*, 234 F.3d 187, 190 (4th Cir. 2000). This court held in *Snow*, however, that any waiver of the government's discretion must be explicit, not implied, in the language of the agreement. *Id.* When the Government does not promise a substantial assistance motion in return for the defendant's substantial assistance, the defendant may compel the government to move for a substantial assistance departure only if he makes a substantial threshold showing that the government's decision was based on an unconstitutional motive or was unrelated to a legitimate government end. *Wade v. United States*, 504 U.S. 181, 185-86 (1992). Because Hoffman did not object at sentencing to the Government's failure to move for a substantial assistance departure, Hoffman's claim is reviewed for plain error. *See United States v. Olano*, 507 U.S. 725, 732 (1993) (providing standard for plain error review).

Because the Government specifically stated in the plea agreement that the determination regarding whether Hoffman provided substantial assistance was within its sole discretion, we conclude that the

Government did not explicitly waive its discretion to determine substantial assistance and therefore, did not breach the plea agreement by failing to move for a substantial assistance departure. Further, there was no evidence (and Hoffman does not argue) that the Government's decision not to move for a substantial assistance departure was based on an unconstitutional motive or was unrelated to a legitimate government end. Therefore, the district court did not err in failing to compel the Government to move for a substantial assistance departure.

Accordingly, we affirm Hoffman's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*